### APPEAL OF WALTER G. MORGAN.

Docket No. 3449. Promulgated January 10, 1927.

1. NOTICE OF DEFICIENCY.—A letter prepared in the office of the Commissioner reciting the determination of a deficiency and addressed to a taxpayer residing at *Jackson*, Tenn., and mailed to the same taxpayer at *Jacksonville*, Tenn., by registered mail, and later returned by the postal service to the Commissioner's office undelivered, did not notify the taxpayer of such deficiency as required by section 274 (a) of the Revenue Act of 1924 or section 274 (a) of the Revenue Act of 1926.

2. The same letter remailed by the collector of internal revenue for the district of Tennessee to the same named taxpayer at his address in Jackson, Tenn., is the notice of deficiency required by the above-named sections and is effective as of the date when registered and placed in the mails at Nashville, Tenn.

3. STATUTE OF LIMITATIONS.—This taxpayer filed his income-tax return for the calendar year 1919 with the collector of internal revenue at Nashville, Tenn., on March 3, 1920. The deficiency letter mailed on April 1, 1925, was mailed after the expiration of the five-year period of limitation provided in section 277 of the Revenue Acts of 1924 and 1926, and on that date the Commissioner was barred from making any assessment or taking any proceeding for the collection of a deficiency in taxes for the year 1919.

*Frank C. Olive, Esq.,* for the petitioner.
*L. C. Mitchell, Esq.,* for the Commissioner.

The deficiency letter upon which this appeal is based asserted a deficiency in income taxes for the year 1919 in the amount of

57694°—27——69

$18,261.34; overassessment for the year 1920, $2.80; overassessment for the year 1921, $7.67. The petitioner pleaded the bar of the statute of limitations as a complete defense to the alleged deficiency for the year 1919. He also pleaded, and at the trial was ready to prove, facts which he held would show that no deficiency existed.

The trial proceeded with the hearing of evidence and argument upon the matter of the running of the statute of limitations, which was taken under advisement.

### FINDINGS OF FACT.

The taxpayer is an individual residing in Jackson, Tenn.

On February 20, 1925, the Commissioner mailed, in Washington, D. C., a registered letter showing the determination of a deficiency against the taxpayer in income and profits taxes for the year 1919 in the amount of $18,261.34. The records of the City Post Office at Washington and the receipt returned to the Commissioner show that the letter was addressed to "Mr. Walter G. Morgan, 553 East Main St., Jacksonville, Tennessee." The letter reads as follows:

IT: PA–4–60D   IMG—401                    TREASURY DEPARTMENT,
                                          *Washington, Feb. 20, 1925.*

Mr. WALTER G. MORGAN,
    *553 East Main Street, Jackson, Tennessee.*

SIR: An audit of your income tax returns for the years 1919, 1920 and 1921, in connection with an examination of your books of account and records, discloses a deficiency in tax amounting to $18,261.34 for 1919 and overassessments amounting to $10.47 for 1920 and 1921, as shown in the attached statement.

In accordance with the provisions of Section 274 of the Revenue Act of 1924, you are allowed 60 days from the date of mailing of this letter within which to file an appeal to the United States Board of Tax Appeals contesting in whole or in part the correctness of this determination.

Where a taxpayer has been given an opportunity to appeal to the United States Board of Tax Appeals and has not done so within the 60 days prescribed and an assessment has been made, or where a taxpayer has appealed and an assessment in accordance with the final decision on such appeal has been made, no claim in abatement in respect to any part of the deficiency will be entertained.

If you acquiesce in this determination and do not desire to file an appeal, you are requested to sign the inclosed agreement consenting to the assessment of the deficiency and forward it to the Commissioner of Internal Revenue, Washington, D. C., for the attention of IT: PA–4–60D, IMG–401. In the event that you acquiesce in a part of the determination, the agreement should be executed with respect to the items agreed to.

Respectfully,

                                          D. H. BLAIR, *Commissioner.*
                    By (Signed)           J. G. BRIGHT
                                              *Deputy Commissioner.*

Inclosures: Statements.   Agreement–Form A.

Upon the original manuscript of the above-quoted letter there are unmistakable evidences of erasures and rewriting in the line of the address where the words " Jackson, Tennessee," now appear.  Immediately following the letter " n " in the word " Jackson " there is plainly visible the outline of the letter " v " over which there appears to have been struck a comma, and the roughness of paper produced by the erasures continues over a large part, if not all, of the space now occupied by the word " Tennessee."  Similar evidences of erasures and re-writing appear at the top of page 1 of the statement accompanying the letter.

The letter quoted was returned to the Commissioner undelivered, and on March 20, 1925, it was enclosed with the following letter directed to the collector of internal revenue at Nashville, Tenn.:

MARCH 20, 1925.

COLLECTOR OF INTERNAL REVENUE,
    *Nashville, Tennessee.*

DEAR SIR: A letter was addressed by this office to Mr. Walter G. Morgan, 553 East Main Street, Jackson, Tennessee, showing an additional tax liability of $18,261.34 for the year 1919.  The letter was returned to the Bureau undelivered by the Post Office Department.  The above address is the same as the one shown on the taxpayer's 1921 return.

It is requested that you ascertain the present address of the taxpayer, make delivery of the enclosed letter by registered mail, and advise this office as to the result of your investigation and the action taken by you.

In the event that the enclosed letter can not be delivered to the taxpayer, it should be returned to this office, inasmuch as the statutory period for the year 1919 expires presently, and you are advised that the latest date on which the letter can be delivered is April 15, 1925.

(Sgd.)      J. G. BRIGHT,<br>
*Deputy Commissioner.*<br>
By ——— ———,<br>
*Head of Division.*

A stamp appearing on the face of the deficiency letter shows that it was received in the office of the collector at Nashville on March 23, 1925.  On April 1, it was sent by registered mail to the taxpayer at Jackson, Tenn., and was received by him on April 2.

The taxpayer's income-tax return for 1919 was filed with the collector of internal revenue at Nashville on March 3, 1920.

OPINION.

TRUSSELL: The petitioner has interposed a plea of the statute of limitations.  Section 277 (a) of the Revenue Act of 1924 reads in part as follows:

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue

for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

It is admitted that the petitioner's return for 1919, the year here involved, was filed on March 3, 1920, and that the five-year period expired on March 3, 1925.

The Commissioner takes the position that in this case February 20, 1925, is the date of mailing the notice required by subdivision (a) of section 274 of the Revenue Act of 1924, which reads in part as follows:

If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

From this subdivision it is apparent that the duty imposed on the Commissioner after a deficiency is determined is that of notifying the taxpayer, and the method of notification is prescribed to be by registered letter.

It is not denied that the Commissioner prepared a notice of his determination of a deficiency in taxes and that such notice was intended for the petitioner in the instant case; that said notice was dated February 20, 1925; and that it was delivered to the post office at Washington to be forwarded as a registered letter. The record establishes the fact that this letter was addressed to " Mr. Walter G. Morgan, 553 East Main Street, Jacksonville, Tennessee." The record further establishes the fact that the postal service, after having failed to find any person by that name at Jacksonville, Tenn., returned the letter to the office of the Commissioner undelivered; that thereafter the same letter, or the same letter with its address corrected, was forwarded to the collector of internal revenue at Nashville, Tenn., who mailed it to the petitioner at his residence in Jackson, Tenn., this last mailing having been done on April 1, 1925. April 1, 1925, was more than five years after the petitioner's return for the year 1919 had been filed with the collector of his district. We are entirely satisfied from the record that the Commissioner's letter dated February 20, 1925, was addressed to a person by the name of Walter G. Morgan at Jacksonville, Tenn., and we are further satisfied that when that letter was returned to the Commissioner's office the address " Jacksonville, Tennessee," was partially erased and rewritten to read " Jackson, Tennessee." There is no doubt that the Commissioner's office made a mistake in the original

writing of the address of the said letter of February 20, 1925. Such mistakes can not be construed to have the effect of arresting the running of the statute of limitations. This taxpayer was not notified of the proposed deficiency by the mailing of the erroneously addressed deficiency letter on February 20, 1925. When this same letter had been corrected and remailed on April 1, 1915, the five-year period of the statute of limitations had run, and we are, therefore, of the opinion that there is no deficiency against this petitioner for the calendar year 1919.

*Judgment will be entered for the petitioner in due course.*