*1037 OPINION.
Trussell:
The petitioner has interposed a plea-of the statute of limitations. Section 277 (a) of the Revenue Act of 1924 reads in part as follows:
(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled “An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,” approved August 5, 1909, the Act entitled “An Act to reduce tariff duties and to provide revenue *1038 for the Government, and for other purposes,” approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.
It is admitted that the petitioner’s return for 1919, the year here involved, was filed on March 3, 1920, and that the five-year period expired on March 3, 1925.
The Commissioner takes the position that in this case February 20,1925, is the date of mailing the notice required by subdivision (a) of section 274 of the Revenue Act of 1924, which reads in part as follows:
If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpaj'er may file an appeal with the Board of Tax Appeals established by section 900.
From this subdivision it is apparent that the duty imposed on the Commissioner after a deficiency is determined is that of notifying the taxpayer, and the method of notification is prescribed to be by registered letter.
It is not denied that the Commissioner prepared a notice of his determination of a deficiency in taxes and that such notice was intended for the petitioner in the instant case; that said notice was dated February 20, 1925; and that it was delivered to the post office at Washington to be forwarded as a registered letter. The record establishes the fact that this letter was addressed to “ Mr. Walter G. Morgan, 553 East Main Street, Jacksonville, Tennessee.” The record further establishes the fact that the postal service, after having failed to find any person by that name at Jacksonville, Tenn., returned the letter to the office of the Commissioner undelivered; that thereafter the same letter, or the same letter with its address corrected, was forwarded to the collector of internal revenue at Nashville, Tenn., who mailed it to the petitioner at his residence in Jackson, Tenn., this last mailing having been done on April 1, 1925. April 1, 1925, was more than five years after the petitioner’s return for the year 1919 had been filed with the collector of his district. We are entirely satisfied from the record that the Commissioner’s letter dated February 20, 1925, was addressed to a person by the name of Walter G. Morgan- at Jacksonville, Tenn., and we are further satisfied that when that letter was returned to the Commissioner’s office the address “ Jacksonville, Tennessee,” was partially erased and rewritten to read “ Jackson, Tennessee.” There is no doubt that the Commissioner’s office made a mistake in the original *1039 writing of the address of the said letter of February 20, 1925. Such mistakes can not be construed to have the effect of arresting the running of the statute of limitations. This taxpayer was not notified of the proposed deficiency by the mailing of the erroneously addressed deficiency letter on February 20,1925. When this same letter had been corrected and remailed on April 1,1915, the five-year period of the statute of limitations had run, and we are, therefore, of the opinion that there is no deficiency against this petitioner for the calendar year 1919.

Judgment will be entered for the petitioner in due course.